UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>    v.<br><br>DAVID M. ADAMS,<br>    *Defendant*. | No. 3:21-cv-01140 (VAB) |

**RULING ON MOTION TO DISMISS**

The United States of America (the "Government") has sued David M. Adams ("Defendant") to reduce to judgment unpaid federal tax liabilities allegedly owed by Mr. Adams. The Government alleges that Mr. Adams shall be held liable for income tax liabilities and fraud penalties, in the amount of $2,103,462.20, plus statutory additions and interest accruing from and after August 30, 2021, including interest under 26 U.S.C. §§ 6601, 6621, and 6622, to the date of a judgment, and post-judgment interest under 28 U.S.C. § 1961(c). Compl. ¶¶ 5–14, ECF No. 1 (Aug. 26, 2021) ("Compl.").

Mr. Adams now moves to dismiss the Complaint because he is already a party to a judgment as to the tax liabilities and a judgment for these liabilities was allegedly entered on November 27, 2018 in the criminal case of *United States v. Adams*, No. 3:16-CR-00086 (VLB). Mot. to Dismiss, ECF No. 10 (Dec. 13, 2021) ("Def.'s Mot.").

For the reasons stated below, Mr. Adams's motion to dismiss is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Factual Background**

Mr. Adams is currently incarcerated in Massachusetts, but allegedly resided in Connecticut at all times relevant to this Complaint. Compl. ¶ 2. As of June 21, 2021, Mr. Adams

1

allegedly owed $2,103,462.20 in liabilities to the Government for the periods ending December 31, 2009 and December 31, 2011. *Id.* ¶¶ 5–6, 14. The Government allegedly provided proper notice and demand of these liabilities, but Mr. Adams still failed, neglected, or refused to fully pay the liabilities, plus statutory additions and interest accruing from and after June 21, 2021. *Id.* ¶ 7.

On or around December 25, 2010, Mr. Adams allegedly entered an installment agreement with the Internal Revenue Service ("IRS"). This agreement ended on July 28, 2020. *Id.* ¶ 13.

The IRS also assessed fraud penalties against Mr. Adams for failing to declare over $4 million in income from the sale of his online flower business. *Id.* ¶ 8. He pleaded guilty to this conduct on October 10, 2017. *Id.* ¶ 9 (citing *United States v. Adams*, Case No. 3:16-CR-86 (VLB) (D. Conn.)).

The Government now moves for judgment against Mr. Adams for income tax liabilities totaling $2,103,462.20, plus statutory additions and interest accruing from and after August 30, 2021, including interest under 26 U.S.C. §§ 6601, 6621, and 6622, to the date of a judgment, and post-judgment interest pursuant to 28 U.S.C. § 1961(c). *Id.* ¶ 14. The Government also moves for costs associated with this case. *Id.*

    **B.**    **Procedural History**

On August 26, 2021, the Government filed this Complaint against Mr. Adams, seeking to reduce to judgment unpaid federal tax liabilities. Compl. ¶¶ 5–14.

On December 13, 2021, Mr. Adams filed this motion to dismiss. Def.'s Mot.

Also on December 13, 2021, Mr. Adams filed an Answer to the Government's Complaint. Answer, ECF No. 11 (Dec. 13, 2021).

On January 3, 2022, the Government opposed Mr. Adams's motion to dismiss. The United States' Resp. to Def. David M. Adams's Mot. to Dismiss, ECF No. 12 (Jan. 3, 2022) ("Opp'n").

## II.     STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York*

3

*v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.")).

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III.   DISCUSSION

Mr. Adams moves to dismiss the Complaint because he is already a party to a judgment as to the tax liabilities at issue in this case. Def.'s Mot. at 1. He claims that "[j]udgement for these liabilities was entered on November 27, 2018" in the case before Judge Vanessa L. Bryant, *United States v. Adams*, Case No. 3:16-CR-86 (VLB) (D. Conn.), "for [$]4,872,172.91," and that he "intends to satisfy this judgment." *Id.*

The Government responds that "the United States has statutory authority to bring a civil action to collect on [Mr. Adams's] tax liabilities irrespective of his prior criminal conviction." Opp'n at 1. The Government's "prerogative to bring a civil action to collect on such debts," it argues, "is well established." *Id.* at 3 (citing *United States v. Helmsley*, 941 F.2d 71, 102 (2d Cir. 1991). Mr. Adams's restitution payments in the criminal case, they note, would be deducted from

4

any judgment in this case. *Id.* The Government would therefore only be collecting any unpaid tax liability once. *Id.* (citing *Helmsley*, 941 F.2d at 102).

The Court agrees.

The Government's option of pursuing both criminal and civil proceedings in tax fraud cases is well established. *See, e.g.*, *Tirado v. C.I.R.*, 689 F.2d 307, 308, 312 (2d Cir. 1982) (discussing whether evidence used in a criminal prosecution for tax evasion could be used in a subsequent civil proceeding). In *Helmsley*, the Second Circuit acknowledged the potential for the collection of unpaid taxes both through restitution in criminal cases and as a judgment in a civil proceeding. *Helmsley*, 941 F.2d at 102 ("It is true that the government may pursue a tax evader for unpaid taxes, penalties and interest in a civil proceeding. However, we believe it is self-evident that any amount paid as restitution for taxes owed must be deducted from any judgment entered for unpaid taxes in such a civil proceeding.").

In a case also concerning a Title 26 civil assessment pursued after a Title 18 criminal judgment, Judge Jack B. Weinstein held that "[a] restitution order pursuant to Title 18 does not govern civil assessments under Title 26—unless the order explicitly covers such assessments." *United States v. Rabkin*, 315 F.R.D. 159, 163–64 (E.D.N.Y. 2016) ("Where the terms of a plea agreement do not specifically preclude the IRS from assessing additional taxes, a civil assessment may follow satisfaction of the restitution order in the criminal case."). In that case, "[b]ecause the judgment and underlying plea agreement only concern restitution ordered in the criminal judgment, this court's criminal judgment does not affect the IRS's power to assess civil interest and penalties on [the defendant]." *Rabkin*, 315 F.R.D. at 164; *see also United States v. Rubenstein*, 228 F. Supp. 3d 223, 229–30, 234–36 (E.D.N.Y. 2017) (acknowledging that the

5

Government may pursue tax evaders in civil proceedings after they have been found guilty or plead guilty in a criminal proceeding).

In the criminal case that Mr. Adams argues precludes the Government from pursuing this civil case, neither the judgment nor the plea mention future civil assessments. *See* Petition to Enter Plea of Guilty Pursuant to Rules 10 and 11 of the Fed. R. of Crim. P., *United States v. Adams*, No. 3:16-CR-86 (VLB) (D. Conn. Oct. 10, 2017), ECF No. 138. Indeed, Judge Bryant explicitly recognized the Government's right to collect back taxes in a subsequent civil proceeding. After the Second Circuit "modified Mr. Adams's judgment to provide that restitution is only a condition of supervised release and is not due until [Mr.] Adams commences his term of supervised release," Judge Bryant ordered that Mr. Adams's property be returned and noted that her "order does not affect the Government's right to enforce any back taxes, interest, and civil penalties [Mr.] Adams may owe to the IRS, including through the IRS's issuance of an administrative levy to the Clerk of the Court." *United States v. Adams*, No. 3:16-CR-86 (VLB), 2020 WL 4677502, at *1 (D. Conn. Aug. 12, 2020) (internal citation and quotation marks omitted).

Accordingly, Mr. Adams's motion to dismiss will be denied.

IV.  **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut this 2nd day of September, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE