UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States of America,
    *Plaintiff*,

v.

David M. ADAMS,
    *Defendant*.

No. 3:21-cv-01140 (VAB)

**RULING AND ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**

The United States of America (the "Government") has sued David M. Adams ("Defendant") to reduce to judgment unpaid federal tax liabilities allegedly owed by Mr. Adams.

The Government alleges that Mr. Adams shall be held liable for income tax liabilities and fraud penalties, in the amount of $2,103,462.20, plus statutory additions and interest accruing from and after August 30, 2021, including interest under 26 U.S.C. §§ 6601, 6621, and 6622, to the date of a judgment, and post-judgment interest under 28 U.S.C. § 1961(c). Compl. ¶¶ 5–14, ECF No. 1 (Aug. 26, 2021) ("Compl.").

On September 2, 2022, this Court denied Mr. Adams's Motion to Dismiss, and now the Government moves for judgement on the pleadings.

For the following reasons, the Government's motion for judgment on the pleadings is **GRANTED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

In 2018, Mr. Adams pled guilty to tax fraud. *See United States v. Adams*, Case No. 3:16-CR-86 (VLB) (D. Conn.). He had been charged with filing false tax returns for 2009, 2011, 2012 and with tax evasions for 2011 and 2012. Mem. in Supp. of Mot. for Judgement on the Pleadings, ECF No. 17-2 at 2. As part of his criminal case, Mr. Adams had to pay restitution in the amount of $4,872,172.91. *Id.* After an appeal, the same amount in restitution was ordered as a condition of supervised release. *See United States v. David M. Adams*, 955 F.3d 238, 248 (2d Cir. 2020).

As of June 21, 2021, Mr. Adams allegedly owed $2,103,462.20 in liabilities to the Government for the periods ending December 31, 2009, and December 31, 2011. Compl. ¶¶ 5–6, 14. The Government allegedly provided proper notice and demand of these liabilities, but Mr. Adams still failed, neglected, or refused to fully pay the liabilities, plus statutory additions and interest accruing from and after June 21, 2021. *Id.* ¶ 7.

The Government initiated this action on August 26, 2021, with a Complaint requesting "*inter alia,* that the Court reduce to judgment $2,103,462.20 in tax liabilities for tax years 2009 and 2011." Mem. in Supp. of Mot. for Judgement on the Pleadings, ECF No. 17-2 at 3. Mr. Adams moved to dismiss the Complaint on the grounds that he was already ordered to pay restitution in his criminal case. Mot. to Dismiss at 1. This Court denied the motion to dismiss, however, because an order of criminal restitution did not preclude the Government from pursing this civil case. Ruling on Mot. to Dismiss at 4–6.

The Government now moves for judgment on the pleadings against Mr. Adams for income tax liabilities totaling $2,103,462.20, plus statutory additions and interest accruing from and after August 30, 2021, including interest under 26 U.S.C. §§ 6601, 6621, and 6622, to the date of a judgment, and post-judgment interest pursuant to 28 U.S.C. § 1961(c). Mem. in Supp. of Mot. for

Judgement on the Pleadings at 3-4; Compl. ¶ 14. The Government also moves for costs associated with this case. *Id*.

Mr. Adams, who has entered a *pro se* appearance, has not responded to the Government's Motion for Judgement on the Pleadings.

### B. Procedural History

On August 26, 2021, the Government filed their Complaint against Mr. Adams, seeking to reduce to judgment unpaid federal tax liabilities. Compl.

On December 13, 2021, Mr. Adams filed a motion to dismiss the Complaint. Mot. to Dismiss, ECF No. 10 (Dec. 13, 201).

Also on December 13, 2021, Mr. Adams filed an Answer to the Government's Complaint. Answer, ECF No. 11 (Dec. 13, 2021).

On January 2, 2022, the Government filed their opposition to the motion to dismiss. Mem. in Opp. to Mot. to Dismiss, ECF No. 12 (Jan. 2, 2022).

On September 2, 2022, this Court denied the motion to dismiss. Order Denying Mot. to Dismiss, ECF No. 12 (Sept. 2, 2022).

On May 5, 2023, the Government filed their motion for judgement on the pleadings. Mot. for Judgement on the Pleadings, ECF No. 17 (May 5, 2023).

On June 12, 2023, the Government filed a notice of Defendant Adams's non-response. Notice of Defendant's Non-Response, ECF No. 22 (June 12, 2023).

On June 12, 2023, this Court instructed Mr. Adams to enter a *pro se* appearance, Order, ECF No. 23 (June 12, 2023), which he did on July 5, 2023. Appearance of Self Represented Party, ECF No. 25 (July 5, 2023).

Mr. Adams has still not filed any response, however, to the Government's motion for judgement on the pleadings.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, the Court applies the same standard applicable to motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

As a result, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A court must accept as true all factual allegations in the complaint and draw all possible inferences from those allegations in favor of the plaintiff. *See York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff has stated a claim upon which relief may be granted, such that it should be entitled to offer evidence to support its claim. *See id.* (citation omitted).

While a court must accept as true the allegations in a complaint, this requirement "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

In determining a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), "the court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them." 2 Moore's Federal Practice 3D § 12.38 (2016); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (explaining that a court need not convert a motion to dismiss into a motion for summary judgment when it

4

considers "'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference'" and noting that "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint") (quoting *Int'l Audiotext Network, Inc. v. am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

### III.   DISCUSSION

Having previously decided that the Government has the option of pursuing both criminal and civil proceedings in tax fraud cases, *see* Ruling on Mot. to Dismiss at 5, ECF No. 13 (Sept. 9, 2022) (citing *Tirado v. C.I.R.*, 689 F.2d 307, 308, 312 (2d Cir. 1982) (discussing whether evidence used in a criminal prosecution for tax evasion could be used in a subsequent civil proceeding), and that any restitution payments would be deducted from any judgement in this civil case, *see id.* (citing *United States v. Helmsley*, 941 F.2d 71, 102 (2d Cir. 1991) ("It is true that the government may pursue a tax evader for unpaid taxes, penalties and interest in a civil proceeding. However, we believe it is self-evident that any amount paid as restitution for taxes owed must be deducted from any judgment entered for unpaid taxes in such a civil proceeding.")[1], only the issue of whether judgment may be entered in the Government's favor remains.

The Government argues that Mr. Adams already admitted to his tax liability by not denying any allegations in the complaint but rather saying he owed the amount in restitution. Mem. in Supp. of Mot. for Judgement on the Pleadings at 5–6. The Government also argues that the criminal restitution did not include the fraud penalties (and Mr. Adams is collaterally estopped by his

---

[1] Additionally, after the Second Circuit "modified Mr. Adams's judgment to provide that restitution is only a condition of supervised release and is not due until [Mr.] Adams commences his term of supervised release," Judge Bryant ordered that Mr. Adams's property be returned and noted that her "order does not affect the Government's right to enforce any back taxes, interest, and civil penalties [Mr.] Adams may owe to the IRS, including through the IRS's issuance of an administrative levy to the Clerk of the Court." *United States v. Adams*, No. 3:16-CR-86 (VLB), 2020 WL 4677502, at *1 (D. Conn. Aug. 12, 2020) (internal citation and quotation marks omitted).

criminal conviction from arguing the issue of fraud), which is 75% of the tax under 26 U.S.C. § 6663. *Id* at 5. In its view, the other penalties are owed as "a mathematical function of the unpaid tax amount and accrue automatically on a monthly basis pursuant to 26 U.S.C. § 6651, including 5% per month for late filing not exceeding 25% and one-half percent per month for late payment not exceeding 25%." *Id.* And the failure to pay the tax penalty "is also a mathematical function of the tax and basically the equivalent of the interest rate applied for the time between the due date of each estimated quarterly payment and the due date of the return" under 26 U.S.C. § 6654. *Id.*

Mr. Adams has not responded. In his motion to dismiss, however, he argued that he "is already a party to a judgement as to the tax liabilities in the Complaint to reduce tax liabilities to Judgement [referring to his criminal case]" and "the defendant intends to satisfy this judgement." Mot. to Dismiss at 1.

The Court agrees with the Government.

Under Rule 12(c), any "party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "When a plaintiff is the moving party, 'the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery.'" *Kondaur Capital Corp. v. Cajuste*, 849 F. Supp. 2d 363, 366 (E.D.N.Y. 2012) (quoting 5C Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. Civ. Section 1368 & n.20 (3d ed. 2009). In this case, the issue of liability for any civil judgment against Mr. Adams has been admitted in his Answer. *See* Answer, ECF 11 ("The defendant is already a party to a judgment for the same liabilities in the complaint. A judgment for these was entered November 27, 2018, including 4,872,172.91 under case #3:16-cr-i00086 (VLB). The defendant intends to satisfy this judgment.").

By conceding his status as a party in the amounts related to the judgment sought here, and that he "intends to satisfy this judgment," there is no issue as to liability. *See L-7 Designs, Inc. v.*

6

*Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.") (citation and internal quotation marks omitted).

As to the specific amounts of the judgment sought by the Government, because the Government detailed the amounts sought in its Complaint, *see* Compl. ¶ 5–7 (seeking $391,586.89 for the 2009 tax year, and $1,711,875.31 for the 2011 tax year (for a total of $2,103,462.20), "plus statutory additions and interest accruing from and after June 21, 2021"), and Mr. Adams in his Answer admitted "already [being] a party to a judgment for the same liabilities in the complaint" and expressing an "inten[t] to satisfy this judgment," the precise amounts sought by the Government also are not an issue and judgment can be entered as to these amounts (with any statutory additions and accruing interest from and after June 21, 2021) against Mr. Adams. *See L-7 Designs, Inc.*, 647 F.3d at 422 ("A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.") (citations omitted); *see also United States v. New York Ins. Dep't*, 657 F. Supp. 27, 29 (S.D.N.Y. 1986) ("Under the New Jersey judgment, the IRS has the right to collect the full amount of statutory interest from the 'property and rights to property' of Northumberland. Therefore, the award of post-insolvency interest is not now subject to attack by defendant. Accordingly, the government's motion for judgment on the pleadings is granted. The federal tax lien shall be enforced").

Accordingly, the Government's motion for judgement on the pleading will be granted.

7

IV.   **CONCLUSION**

For the foregoing reasons, the Government's motion for judgment on the pleadings is **GRANTED**.

A final judgment will follow, and once entered, the Clerk of the Court is respectfully directed to close this case.

**SO ORDERED** this 1st day of December, 2023, at New Haven, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge